GAUDIN, Judge.
This is an appeal by Control Masters, Inc. from a judgment maintaining an exception of no cause of action brought by Mr. and Mrs. John E. McPherson. We affirm; we remand, however, for the trial judge to order an amendment to the petition within a specified time delay in accord with the provisions of LSA-C.C.P. art. 934.
The McPhersons owned real property and had leased it for 25 years to Sonny Molenaar and Mallory Mele. Molenaar and Mele then hired a general contractor (Roy Caddo) and began construction on a building to house a printing business.
Among the subcontractors was Control Masters, Inc., retained to do the electrical wiring.
In his “Reasons for Judgment,” the trial judge stated that there was no direct cont-ractural relationship between Control Masters and the McPhersons. Although this finding is challenged by appellant, a careful review of the record, including depositions and documents, indicates that the McPhersons neither negotiated nor contracted with Control Masters and that the McPhersons had no control over work Control Masters and other subcontractors were doing. Caddo was hired by Molenaar and Mele and was answerable exclusively to them, not the McPhersons.
Although the McPhersons assisted in the obtaining of a loan from Columbia Homestead, the homestead’s inspector, Michael Marsiglia, said that he dealt with Molenaar, Mele and Caddo. He called them “the Mol-enaar people” and said he discussed bills, problems, etc. with them, not the McPher-sons.
Appellants argue that Molenaar and Mele were agents of the McPhersons, but nothing in the record now suggests any meaningful agency relationships or understanding.
When Molenaar and Mele objected to various invoices and felt they were being overcharged, Control Masters filed suit under the Private Works Act, LSA-R.S. 9:4801, etc.
The trial judge, in his “Reasons,” cited LSA-R.S. 9:4802 and 4806, particularly section B of 4806, and Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (1962). Section B of 4806 reads:
“The claims against an owner granted by R.S. 9:4802 are limited to the owner or owners who have contracted with the contractor. If more than one owner has contracted each shall be solidarily liable for the claims.”
In Fruge, the Supreme Court of Louisiana stated at page 341:
“We therefore hold that mere consent or acquiescence of the owner to work being done on leased premises by the lessee or as a result of a contract awarded by the lessee is not sufficient to render the land and improvements subject to the privilege for material, labor, and similar services imposed by R.S. 9:4801; nor does the owner’s knowledge of improvements on the premises make the employer his, the owner’s agent, so as to impose liability on the owner for wages, materials or claims of the employer’s workmen. This is not to say, however, that the owner, through his conduct, may not under certain circumstances create an estoppel which will prevent his contesting the rights of the materialman, laborer, or similar claimant.”
Here, the McPhersons apparently did nothing to justify an estoppel. The sustaining of the exception of no cause of action, as the record now stands, was correct.
C.C.P. art. 934 says:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply *1293 with the order to amend, the action shall be dismissed.”
Accordingly, we remand for the filing of a supplemental and amending petition, thereby giving Control Masters the procedural opportunity to remove, if it can, the objection successfully pleaded by the exception of no cause of action.
Costs of this appeal are to be borne by Control Masters.
AFFIRMED AND REMANDED.